ORIGINAL

# In the United States Court of Federal Claims

No. 14-177 C

(Filed: August 8, 2014)

|  |  |
|---|---|
| BRIDGET ALLEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

FILED

AUG - 8 2014

U.S. COURT OF
FEDERAL CLAIMS

OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

    Ms. Bridget Allen (plaintiff) brings a claim against the United States (defendant), challenging the actions of a bankruptcy court judge and seeking monetary relief. See Complaint (Compl.) ¶ 1, March 4, 2014, Dkt. No. 1. Plaintiff complains that the United States Bankruptcy Court for the Eastern District of Virginia committed a Fifth Amendment taking by denying her request to issue a second summons to AT&T, the corporation that Ms. Allen contends filed a fraudulent claim in her Chapter 13 bankruptcy proceeding. See Compl. ¶¶ 15–16, 22. Plaintiff brings her claim without counsel. See Compl.

    For the reasons set forth herein, the court finds that it lacks jurisdiction over plaintiff's claim. Defendant's motion to dismiss is **GRANTED**.

I.    Background

    Plaintiff filed her complaint against the United States on March 4, 2014.[1] See generally Compl. This case is one of a series of lawsuits filed by plaintiff in the United

---

[1]     Plaintiff also filed an Application to Proceed In Forma Pauperis. Plaintiff's Application to Proceed In Forma Pauperis (Pl.'s Appl.), March 4, 2014, Dkt. No. 3. For

1

States Court of Federal Claims since 2013, addressing an alleged conspiracy termed "Black America: Covert USA Takings." Compl. ¶ 1. According to plaintiff's alleged conspiracy, the United States has committed a series of "systematic takings of black persons['] property and rights." Id.

In this instance, plaintiff's claim relates to her adversary proceeding in the United States Bankruptcy Court of the Eastern District of Virginia. Compl. ¶¶ 8, 13–24. Plaintiff filed for Chapter 13 bankruptcy in December of 2010 and, thereafter, filed a related adversary proceeding against AT&T, premised on the allegations that the company "filed a fraudulent claim in her bankruptcy filing." See Compl. ¶ 15. During the proceeding, "plaintiff obtained, but did not timely serve the summons on the [d]efendant." Compl. ¶ 16. Plaintiff contends that the bankruptcy judge instructed his law clerk to tell plaintiff that because he was "just going to dismiss the case," plaintiff should not bother to attend the pre-trial hearing. Compl. ¶¶ 17–19.

Plaintiff alleges that the judge and his law clerk have "a history of interfering with the [p]laintiff's attempts to access the bankruptcy court . . . and to obtain summonses from the clerk's office." Compl. ¶ 21. Plaintiff claims that the denial of the ability to issue a second summons upon AT&T "effected a 'confiscation' of the [p]laintiff's bankruptcy claim" and constitutes a "'per se' taking." Compl. ¶¶ 14, 22. Plaintiff seeks $300,000 in damages for the alleged taking; the amount she contends was "robbed . . . of any value" by the bankruptcy judge's actions. Compl. ¶¶ 22, 25.

Defendant filed a Motion to Dismiss (Def.'s Mot.) under RCFC 12(b)(1) and 12(b)(6) on April 29, 2014, Dkt. No. 6, arguing that the court lacks subject matter jurisdiction over plaintiff's claim and that plaintiff fails to state a claim for which relief can be granted. Def.'s Mot. 4–5.

After the filing of defendant's Motion to Dismiss, plaintiff filed the following three motions: (1) Plaintiff's Motion for Disqualification, June 6, 2014, Dkt. No. 7; (2) Plaintiff's Motion to Request Defendant's Compliance with RCFC 5.4 and RCFC 11 (Pl.'s Mot. Compliance), June 6, 2014, Dkt. No. 8; and (3) Plaintiff's Motion to Amend and Supplement the Complaint (Pl.'s Mot. Am.), June 10, 2014, Dkt. No. 10.

Plaintiff also filed her Opposition to Defendant's Motion to Dismiss Complaint (Pl.'s Opp'n), June 10, 2014, Dkt. No. 9.

Defendant responded to plaintiff's motions with: (1) Defendant's Response to Plaintiff's Motion for Disqualification and Motion to Request Compliance with Rule 5.4

---

the limited purpose of addressing the court's jurisdiction, that motion is **GRANTED**. The Clerk will file the complaint with no filing fee.

2

and Rule 11 (Def.'s Resp.), June 23, 2014, Dkt. No. 11; and (2) Defendant's Reply in Support of its Motion to Dismiss and Response to Plaintiff's Motion for Leave to Amend the Complaint (Def.'s Reply), June 27, 2014, Dkt. No. 12. The matter is now ripe for decision.

II.   Legal Standards

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. See Kelley v. Sec'y, U.S. Dep.'t of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

A motion to dismiss for lack of jurisdiction is properly raised under RCFC 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction may be addressed at any time by the parties, by the court sua sponte, or on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the court or the opposing party, the plaintiff "bears the burden of establishing jurisdiction." J. McIntyre Mach., Ltd. v. Nicastro, 131 S. Ct. 2780, 2792 (2011). A plaintiff must establish jurisdiction by a "preponderance of the evidence." Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act provides for the court's jurisdiction over "any claim against the United States founded upon either the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To qualify under the Tucker Act, a claim must be for money damages against the United States, and the plaintiff "must demonstrate that the source of substantive law upon which he or she relies is a money mandating source." Smith v. United States, 495 Fed. App'x 44, 47 (Fed. Cir. 2012). The Tucker Act does not create, by itself, a substantive right enforceable against the United States for monetary relief. Id.

III.   Discussion

Before turning to the substance of defendant's motion, the court addresses two procedural matters: (1) Plaintiff's Motion to Request Defendant's Compliance with RCFC 5.4 and RCFC 11; and (2) Plaintiff's Motion for Disqualification.

Plaintiff alleges that the government has violated RCFC 5.4 and RCFC 11 because its motion is not logically arranged, does not address the specific facts of the case, contains irrelevant material, and is only 4.5 to 6 pages long. Pl.'s Mot. Compliance 1–2.

The court has reviewed and carefully considered the parties' filings. The court finds that defendant has complied with the rules of this court in filing its briefs, and plaintiff's claim that RCFC 5.4 and RCFC 11 have been violated is meritless. Plaintiff's Motion to Request Defendant's Compliance with RCFC 5.4 and RCFC 11 is **DENIED**.

Plaintiff further avers that the undersigned should recuse herself because of defendant's improper influence on the court, along with the undersigned's allegedly preferential treatment towards defendant, racial bias against plaintiff, and collusion amongst judges across different federal courts "wresting away plaintiff's property." Pl.'s Mot. Disqualification 1–5 (alleging the court's conflict of interest, bias, and prejudice). The standard for disqualification requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also 28 U.S.C. § 455(b) (outlining specific instances when impartiality or bias may interfere with a judge's ability to deliberate on a case such as the existence of a fiduciary interest or personal bias). Plaintiff's Motion for Disqualification fails to provide any support for plaintiff's bare assertion that the undersigned has manifested bias. Nor do the allegations raise the appearance of impropriety or fraud. Therefore, Plaintiff's Motion for Disqualification has no merit and is hereby **DENIED**.

The court now considers whether plaintiff's motion for leave to amend merits granting, whether plaintiff's claim falls within the jurisdictional reach of the court, and if not, whether plaintiff's claim warrants a transfer in the interest of justice.

    A.    Plaintiff's Motion for Leave to Amend Is Futile

After the filing of defendant's motion to dismiss, plaintiff filed a Motion to Amend and Supplement the Complaint. Pl.'s Mot. Am. 1. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." RCFC 15(a)(2). "It is well established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court." Mitsui Foods, Inc. v. United States, 867 F.2d 1401, 1403 (Fed. Cir. 1989). While the court should liberally exercise its discretion to grant leave to amend, denial of such a request is justified when the amendment would be futile. Id. at 1403–04.

Plaintiff argues that she should be permitted to amend her complaint to incorporate new information. Pl.'s Mot. Am. 1. This "recent" information—as described in Plaintiff's Motion for Leave to Amend Her Complaint—is nothing more than the same claim plaintiff made in her complaint regarding the bankruptcy proceeding and the bankruptcy court's alleged failure to allow her to issue a second summons after her late filing. See id. 1–3. The amendment does not propose a cure for the jurisdictional defect inherent in her claim, but continues to assert that the actions of the bankruptcy judge violated her constitutional rights by effecting a Fifth Amendment taking. See id.

Because plaintiff's proposed amendment merely reiterates the claims asserted in her complaint, her request is a futile one. Thus, plaintiff's motion for leave to amend her complaint is **DENIED**.

B.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claim

Defendant argues that the court does not have jurisdiction over plaintiff's claim because the dispute arises out of a bankruptcy judge's decision to deny the issuance of a second summons to a particular creditor (AT&T) in plaintiff's bankruptcy proceeding. See Def.'s Mot. 5–6. Defendant is correct. This court does not have jurisdiction to review decisions of the bankruptcy court. See Allustiarte v. United States, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001). Federal district courts have exclusive jurisdiction over bankruptcy cases. See Capelouto v. United States, 99 Fed. Cl. 682, 691 (2011) (citing 28 U.S.C. § 1334(a)).

Defendant further argues that characterizing an action as a taking does not necessarily vest the court with jurisdiction. Def.'s Mot. 5 (citing Pines Residential Treatment Ctr., Inc. v. United States, 444 F.3d 1379, 1380 (Fed. Cir. 2006); Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). Defendant contends that plaintiff's claim cannot stand as a Fifth Amendment takings claim because in actuality, plaintiff takes issue with the bankruptcy judge's denial of her request to issue a second summons to a creditor in her bankruptcy proceeding. See Def.'s Mot. 5; see also Compl. ¶ 20. Defendant adds that this court has no jurisdiction over plaintiff's allegations regarding the conduct of the bankruptcy judge and his law clerk, as these claims sound in tort. See Def.'s Mot. 6 (citing McCauley v. United States, 38 Fed. Cl. 250, 265 (1997); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)).

Plaintiff responded to defendant's motion to dismiss, arguing that a per se taking allegation is sufficient to invoke the court's jurisdiction. Pl.'s Opp'n 7. Plaintiff asserts that the facts pertaining to her claim entitle her to relief regardless of any jurisdictional defects. Id.

The court, however, must "look to the true nature of the action in determining the existence ... of jurisdiction." Katz, 16 F.3d at 1207. Although plaintiff cites to various Fifth Amendment taking cases, including Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1014 (1992), Pl.'s Opp'n 11, the mere characterization of her claim as a Fifth Amendment taking does not make it so.

Effectively, plaintiff seeks to challenge a bankruptcy judge's exercise of his discretion. See generally Compl. This court does not have jurisdiction to review discretionary rulings in bankruptcy court proceedings. See, e.g., Allustiarte, 256 F.3d at 1351–52; Brown, 105 F.3d at 623; McCauley, 38 Fed. Cl. at 265. Because Congress has

vested the district courts with exclusive jurisdiction over bankruptcy cases, see Capelouto, 99 Fed. Cl. at 691, plaintiff cannot establish jurisdiction in this court.

Without jurisdiction to consider plaintiff's claim, the court need not address defendant's arguments regarding plaintiff's failure to state a claim for which relief can be granted.

### C. A Transfer of This Case Is Not in the Interest of Justice

When the court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if such transfer "is in the interest of justice." 28 U.S.C. § 1631; see also Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005). An appeal of a ruling by a bankruptcy court judge may be taken to the district court. See Capelouto, 99 Fed. Cl. at 691 (citing 28 U.S.C. § 1334(a)); see also Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995). The district court has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy court judges, if a notice of appeal is timely filed. See Ballard v. Tamojira, Inc., 106 F.3d 389, *1 (4th Cir. 1997) (unpublished table decision). Because Ms. Allen desires to challenge the actions of the bankruptcy court, the proper recourse is to appeal the bankruptcy court's decision under the court's set procedures.

A review of the dismissal order issued in the bankruptcy proceeding indicates that Ms. Allen's bankruptcy petition was dismissed on August 13, 2012, nearly two years ago. Order Dismissing Case, In re Bridget Allen, No. 10-20094, Dkt. No. 136 (Bankr. E.D. Va. Aug. 13, 2012). Had plaintiff wished to appeal that decision, she could have done so within fourteen days of the date of the entry of the order of dismissal. See Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."). Because the time for appeal has expired on plaintiff's claim, a transfer of her claim to the district court would serve no useful purpose, as no action can be taken on an untimely filed appeal such as this. Because the court finds that a transfer of plaintiff's claim would not be in the interest of justice, it declines to do so.

### IV. Conclusion

For the reasons described more fully above, the court lacks jurisdiction over plaintiff's claim. For the limited purpose of evaluating the court's jurisdiction, plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**. Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Disqualification is **DENIED**. Plaintiff's Motion to Request Defendant's Compliance with RCFC 5.4 and RCFC 11 and Plaintiff's

Motion to Amend and Supplement the Complaint are **DENIED**. The Clerk of the Court is directed to enter judgment for the government. No costs.

    IT IS SO ORDERED.

_____<br>
PATRICIA E. CAMPBELL-SMITH<br>
Chief Judge

Motion to Amend and Supplement the Complaint are **DENIED**. The Clerk of the Court is directed to enter judgment for the government. No costs.

IT IS SO ORDERED.

*[signature]*
PATRICIA E. CAMPBELL-SMITH
Chief Judge